# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# GAINESVILLE DIVISION

| | |
|---|---|
| ST. PAUL MERCURY INSURANCE COMPANY, ) ) ) | |
| Plaintiff, ) ) ) | CIVIL ACTION |
| v. ) ) ) | FILE NO. 2:12-CV-225-RWS |
| CHARLES M. MILLER; TRENT D. FRICKS; and the FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for COMMUNITY BANK & TRUST of Cornelia, Georgia, ) ) ) ) ) ) ) | |
| Defendants. ) | |

## DEFENDANTS CHARLES M. MILLER AND TRENT D. FRICKS' SUBMISSION REGARDING AMBIGUITY

Kilpatrick Townsend & Stockton LLP
Suite 2800
1100 Peachtree Street
Atlanta, Georgia 30309
(404) 815-6500 (Telephone)
(404) 815-6555 (Facsimile)
jlierly@kilpatricktownsend.com
emccarley@kilpatricktownsend.com

Julie A. Lierly
Georgia Bar No. 452081
Ellen P. McCarley
Georgia Bar No. 461982

*Attorneys for Defendants Charles M. Miller and Trent D. Fricks*

US2008 4808371 2

Defendants Charles M. Miller and Trent D. Fricks (the "D&O Defendants" or "Mr. Miller and Mr. Fricks") submit this supplemental memorandum in support of their arguments that the Insured v. Insured Exclusion[1] and the Unrepaid Loan Carve Out[2] in the Travelers ("Travelers") SelectOne for Community Banks Policy No. EC06800814 (the "Policy") are ambiguous as to underlying claims filed against them by the Federal Deposit Insurance Corporation as Receiver for Community Bank & Trust of Cornelia, Georgia (the "FDIC-R") in the Underlying Action.[3] The D&O Defendants also adopt and incorporate by reference the Submission Regarding Ambiguity (Doc. No. 88) (the "FDIC-R's Submission Regarding Ambiguity") filed by the FDIC-R, including any record citations, evidentiary citations, other citations, or exhibits referenced therein.

Although the D&O Defendants adopt and incorporate the FDIC-R's Submission Regarding Ambiguity, the D&O Defendants expressly deny any statements therein that purport to characterize any allegation made against them in the Underlying Action or otherwise in this case as a true or proven fact. The D&O

---

[1] The Insured v. Insured Exclusion is Exclusion 4 of the Policy.
[2] The Unrepaid Loan Carve Out is found in subsection (c) of the "Loss" definition of the Policy.
[3] The "Underlying Action" refers to *Federal Deposit Insurance Corporation as Receiver for Community Bank & Trust of Cornelia, Georgia v. Miller, et al.*, Case No. 2:12-cv-42 (N.D. Ga.).

1

Defendants expressly deny all liability in connection with the FDIC-R's allegations made against them in the Underlying Action and in this case, as discovery in the Underlying Action is ongoing and no allegations against the D&O Defendants have been proven in that case (or otherwise).

## I.  INTRODUCTION

The FDIC-R filed the Underlying Action against Mr. Miller and Mr. Fricks, two former officers of Community Bank & Trust of Cornelia, Georgia ("the Bank"), on February 24, 2012. The Policy provides Management Liability coverage for the Bank's directors and officers, including Mr. Miller and Mr. Fricks. Mr. Miller & Mr. Fricks sought coverage under the Policy for the Underlying Action. On September 21, 2012, Travelers filed the present insurance coverage action against Mr. Miller and Mr. Fricks. In the Underlying Action, the FDIC-R seeks damages in excess of $15 million against Mr. Miller and Mr. Fricks.

Travelers seeks summary judgment on the grounds that the Unrepaid Loan Carve-Out and the Insured v. Insured Exclusion in the Policy bar coverage for the Underlying Action. Travelers' arguments fail for the numerous reasons set forth in the FDIC-R's Summary Judgment Opposition Papers, the D&O Defendants' Summary Judgment Opposition Papers, the FDIC-R's Submission Regarding Ambiguity, and herein. *Progressive Cas. Ins. Co. v. Fed. Deposit Ins. Corp.*, No.

1:12-cv-01103-RLV, 2013 WL 599794 (N.D. Ga. Jan. 4, 2013) is directly on point, wherein Senior Judge Robert L. Vining, Jr. denied the insurer's summary judgment motion regarding the Insured v. Insured Exclusion and the Unrepaid Loan Carve-Out because those policy provisions were ambiguous and therefore discovery was warranted. In that case, Judge Vining considered policy provisions virtually identical to those at issue here, and his rationale applies equally here.

The Bank and Mr. Miller and Mr. Fricks, as reasonable layperson insureds, had every expectation that the Policy would provide coverage for Management Liability-related claims and lawsuits filed against them, including those at issue in the Underlying Action. Under Georgia law, the Policy must be interpreted as reasonable layperson insureds would read and understand it, consistent with their reasonable expectations and liberally construed in favor of coverage with any exceptions and exclusions to coverage narrowly construed against the insurer. Any ambiguities also must be strictly construed against the insurer as drafter of the Policy and in favor of the insureds. Further, well-established Georgia principles regarding insurance policy interpretation require coverage provisions to be interpreted in a manner so as not to render insurance coverage illusory. Travelers' summary judgment motion should be denied.

## II.   ADDITIONAL ARGUMENT AND CITATION OF AUTHORITY

In addition to adopting and incorporating the Argument in the FDIC-R's Submission Regarding Ambiguity as set forth above, the D&O Defendants present the following Additional Argument and Citation of Authority.

Under longstanding tenets of Georgia law, in construing an insurance policy, the test is "'what a reasonable person in the position of the insured would understand [the policy terms] to mean.  The policy should be read as a layman would read it….'" *Ace Am. Ins. co. v. Truitt Bros., Inc.*, 655 S.E.2d 683, 684 (Ga. Ct. App. 2007) (citation omitted) (interpreting insurance policy as "[a] layman reading this language would understand" it and finding that coverage existed); *see also, e.g., Geiger v. Ga. Farm Bureau Mut. Ins. Co.*, 699 S.E.2d 571, 573 (Ga. Ct. App. 2011) (explaining that insurance contracts "are to be read in accordance with the reasonable expectations of the insured…" and reversing summary judgment in favor of insurer regarding duty to defend); *Fed. Ins. Co. v. United Community Banks, Inc.*, 2010 WL 3842359, at *12 (N.D. Ga. Sept. 27, 2010) (Story, J.) (explaining that relevant inquiry when interpreting an insurance contract is "what a reasonable person in the position of the insured would understand the terms of the [contract] to mean, and the [contract] should be read as a layman would read it"

4

and holding that insured banks' interpretation of insurance contract language was "what a lay person would understand [the term] to mean").

Georgia law also provides that "insurance policies are liberally construed in favor of coverage," and any "<u>exceptions and exclusions to coverage</u> must be narrowly and strictly construed against the insurer and liberally construed in favor of the insured to afford coverage." *Georgia Farm Bureau Mut. Ins. Co. v. Meyers*, 548 S.E.2d 67, 69 (Ga. Ct. App. 2001) (emphasis added); *see also St. Paul Fire & Marine Ins. Co. v. Snitzer*, 358 S.E.2d 925, 926 (Ga. Ct. App. 1987) ("Exceptions, limitations and exclusions to insuring agreements require a narrow construction…."). Moreover, any ambiguities in an insurance policy must be "strictly construed against the insurer as the drafter and in favor of the insured." *Georgia Farm Bureau*, 548 S.E.2d at 69.

As the Georgia Court of Appeals recently explained, "when provisions of an insurance contract are repugnant to one another, the provision most favorable to the insured will be applied." *Maxum Indem. Co. v. Jimenez*, 734 S.E.2d 499, 505 (Ga. Ct. App. 2012) (refusing to construe an exclusion "in a manner that would be repugnant to the coverage terms or render the [] policy illusory"); *see also Tifton Mach. Works, Inc. v. Colony Ins. Co.*, 480 S.E.2d 37, 40 (Ga. Ct. App. 1996) (holding that an exclusion could not be applied without eviscerating coverage

5

US2008 4808371 2

provided for elsewhere in the policy, and therefore the policy was ambiguous and was construed against the insurer). Under Georgia's rules of construction, a court must "consider the policy as a whole and [] give effect to each provision in the contract such that it harmonizes with the other provisions." *Cincinnati Ins. Co. v. Magnolia Estates, Inc.*, 648 S.E.2d 498, 500 (Ga. Ct. App. 2007) (refusing to construe a policy in a way that would render an exclusion meaningless) (citing *RLI Ins. Co. v. Highlands on Ponce, LLC*, 635 S.E.2d 168, 171 (Ga. Ct. App. 2006)); see also *Pomerance v. Berkshire Life Ins. Co. of Am.*, 654 S.E.2d 638, 641 (Ga. Ct. App. 2007) ("[I]t is a cardinal rule of contract construction 'that a court should, if possible, construe a contract so as not to render any of its provisions meaningless' and in a manner that gives effect to all of the contractual terms.") (citation omitted).

    As set forth in the FDIC-R's Summary Judgment Opposition Papers, the D&O Defendants' Summary Judgment Opposition Papers, the FDIC-R's Submission Regarding Ambiguity, and herein, the Unrepaid Loan Carve-Out and Insured v. Insured Exclusion are ambiguous policy provisions that must be construed consistent with the reasonable expectations of Mr. Miller and Mr. Fricks and read how they would read them. The Court should construe these policy provisions liberally in favor of coverage and against Travelers.

US2008 4808371 2

Also, the Court should reject Travelers' argument that the Unrepaid Loan Carve-Out bars coverage for claims related to the main business activity of Mr. Miller and Mr. Fricks and the Bank, *i.e.*, making loans. It is completely unrealistic that CB&T and its directors and officers, including Mr. Miller and Mr. Fricks, would have purchased an insurance policy that provides no coverage for their main business activity. *See Geiger*, 699 S.E.2d at 573 (explaining that an insurance policy must be construed "in accordance with the reasonable expectations of the insured"). Moreover, if the Court were to adopt Travelers' interpretation of the Unrepaid Loan Carve-Out, it would render other Policy provisions meaningless as discussed in pages nine through ten of FDIC-R's Submission Regarding Ambiguity. This is impermissible under Georgia law. *See, e.g.*, *Jimenez*, 734 S.E.2d at 505; *Cincinnati Ins. Co.*, 648 S.E.2d at 500.

Mr. Miller and Mr. Fricks are former Bank officers and individuals. They face a lawsuit alleging damages in excess of $15 million. Travelers' unreasonable interpretation of the Insured v. Insured Exclusion and Unrepaid Loan Carve-Out to bar coverage and expose Mr. Miller and Mr. Fricks to individual uncovered liability is completely inconsistent with the insureds' reasonable expectations and Georgia law and should be rejected.

7

### III. CONCLUSION

For the foregoing reasons and the reasons set forth in the FDIC-R's Summary Judgment Opposition Papers, the D&O Defendants' Summary Judgment Opposition Papers, and the FDIC-R's Submission Regarding Ambiguity, the Court should deny Travelers' Summary Judgment Motion.

Respectfully submitted this 5th day of August, 2013.

| | |
|---|---|
| Kilpatrick Townsend & Stockton LLP | s/Julie A. Lierly |
| Suite 2800 | Julie A. Lierly |
| 1100 Peachtree Street | Georgia Bar No. 452081 |
| Atlanta, Georgia 30309 | Ellen P. McCarley |
| (404) 815-6500 (Telephone) | Georgia Bar No. 461982 |
| (404) 815-6555 (Facsimile) | |
| jlierly@kilpatricktownsend.com | *Attorneys for Defendants Charles M.* |
| emccarley@kilpatricktownsend.com | *Miller and Trent D. Fricks* |

## CERTIFICATE OF COMPLIANCE

As required by N.D. Ga. L.R. 7.1D, I hereby certify that this document has been prepared in Times New Roman 14-point font, one of the font and point selections approved by this Court in N.D. Ga. L.R. 5.1B.

This this 5th day of August, 2013.

| | |
|---|---|
| Kilpatrick Townsend & Stockton LLP<br>Suite 2800<br>1100 Peachtree Street<br>Atlanta, Georgia 30309<br>(404) 815-6500 (Telephone)<br>(404) 815-6555 (Facsimile)<br>jlierly@kilpatricktownsend.com<br>emccarley@kilpatricktownsend.com | s/Julie A. Lierly<br>Julie A. Lierly<br>Georgia Bar No. 452081<br>Ellen P. McCarley<br>Georgia Bar No. 461982<br><br>*Attorneys for Defendants Charles M.*<br>*Miller and Trent D. Fricks* |

## CERTIFICATE OF SERVICE

I certify that on August 5, 2013, I filed the foregoing **DEFENDANTS CHARLES M. MILLER AND TRENT D. FRICKS' SUBMISSION REGARDING AMBIGUITY** with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to all attorneys of record in this action.

                                              s/Julie A. Lierly
                                              Julie A. Lierly
                                              (Georgia Bar No. 452081)

                                              *Attorney for Defendants*
                                              *Charles M. Miller and Trent D. Fricks*